[In Bank.—July 30, 1883.]

## THE PEOPLE, RESPONDENT, v. GEORGE W. STEWART, APPELLANT.

CRIMINAL LAW—CHALLENGES AFTER DISCHARGE OF SICK JUROR.—During the trial of the defendant for murder, and after the jury was sworn and the testimony of some witnesses had been given a juror became sick and was discharged by the court. A new juror was called and peremptorily challenged by the defendant. The court denied the challenge on the ground that defendant had exhausted his peremptory challenges during the selection of the original jury. *Held*, that as the statute directs the trial to begin anew under such circumstances, the defendant had not only the right to peremptorily challenge the new juror, but any or all of the original eleven.

ID.—PRACTICE—ADDITIONAL PLEAS.—After the new juror was sworn and before the trial proceeded, the defendant asked to have entered pleas of former acquittal, and once in jeopardy, which the court refused. *Held*, that the request should have been granted, but whether the judgment ought to be reversed on that ground alone not decided.

APPEAL from a judgment of the Superior Court of the county of Colusa, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Jackson Hatch,* for Appellant.

*Attorney-General Marshall,* for Respondent confessed error.

SHARPSTEIN, J.—During the trial a juror became sick and was discharged by the court. A new juror was called, who was peremptorily challenged by the defendant's attorney. The challenge was denied on the ground that the defendant, in the

selection of the original jury, had exhausted his peremptory challenges.

The Code provides that, in case of the discharge of a juror on account of sickness, "a new juror may be sworn *and the trial begin anew,* or the jury may be discharged, and a new jury then or afterwards impaneled." (Penal Code, § 1123.) What is implied by the clause, "and the trial begin anew?" The title of the chapter which provides for challenging the jury is, "Of proceedings after the commencement of the trial and before judgment." We think, within the meaning of the Code, a trial commences when the case is called for trial unless the trial be then postponed. That everything that transpires in the case after that, and before judgment, is a part of the trial.

That being so, it follows that the defendant was entitled, after the change had been effected, to all the challenges which the law gave him in the first instance. Within that limit he not only had a right to challenge the new juror, but likewise any or all of the original eleven. Bishop says, in such a case, "the prisoner should be offered his challenges *over again* as to the eleven," and they "should be sworn *de novo,* and the trial begin again." In this case the "new juror" only was challenged, and if the defendant had a right to challenge the eleven over again, he certainly had a right to challenge the new one.

Instead of having a new juror sworn, the court might have discharged the original jury and impaneled an entirely new one. If that had been done, the right of the defendant to peremptorily challenge any of them would be no clearer than it is to so challenge the new juror called to supply the place of one discharged.

The request of the defendant to have pleas of former acquittal, and once in jeopardy, entered, was made before the commencement of the trial *de novo,* and should have been granted, although we are not now prepared to hold that the judgment ought to be reversed on that ground alone.

Judgment and order reversed, and cause remanded for a new trial.

ROSS, J., McKEE, J., McKINSTRY, J., and THORNTON, J., concurred.