ANGLO-AMERICAN PROVISION CO. V. JOHN T. EVANS.

[FILED FEBRUARY 24, 1892.]

1. **Removal of Causes:** TRIAL: COMMENCEMENT. Where a jury is called into the box and the jurors examined on their *voir dire* and accepted but not sworn, it is the commencement of a trial under the Code, and it is too late thereafter to seek to remove a cause into the United States court.

2. ———: FAILURE TO SHOW GROUNDS. Where there is no copy of the petition, on which an order of removal by a federal court is made, presented to the trial court, and the order itself fails to

show any ground therefor, the district court is not required to surrender its jurisdiction, but may proceed with the trial of the cause.

3. Affidavit for bondsmen examined, and *held*, to be insufficient.

ERROR to the district court for Douglas county.     Tried below before DOANE, J.

*Hall & McCulloch*, for plaintiff in error, cited: *Curtis v. Culter*, 7 Neb., 315; Maxwell, Pl. & Pr., 172; *Yulee v. Vose*, 99 U. S. Sup. Ct. Rep., 545.

*Parke Godwin*, *contra*, cited: *Thurman v. Stevens*, 2 Duer [N. Y.], 609; *Osborne v. Endicott*, 6 Cal., 149; *Gardner v. Armstrong*, 31 Mo., 535; *Sherwood v. Saxton*, 63 Id., 78; *Duffy v. O'Donovan*, 46 N. Y., 223; *Cresswell v. McCaig*, 11 Neb., 222; *Cahill v. Bigelow*, 18 Pick. [Mass.], 369; *Lefferson v. Dallas*, 20 O. St., 74; Removal Cases, 100 U. S., 457; *Carson v. Holtzclaw*, 39 Fed. Rep. [Mo.], 578; *Malone v. R. Co.*, 35 Fed. Rep. [N. Car.], 625; *Amy v. Manning*, 38 Fed. Rep. [N. Y.], 868; *Short v. R. Co.*, 34 Fed. Rep. [Minn.], 225; *Delbanco v. Singletary*, 40 Fed. Rep. [Nev.], 177; *Dennison v. Brown*, 38 Fed. Rep. [N. Y.], 535; *Menard v. Goggan*, 121 U. S., 253; *Stevens v. Nichols*, 9 Sup. Ct. Rep., 518; *Young v. Ewart*, 10 Id., 75; *Duff v. Duff*, 31 Fed. Rep. [Cal.], 772; *Shedd v. Fuller*, 36 Fed. Rep. [Ill.], 609; *Gregory v. Hartley*, 113 U. S., 742; *Dunn v. R. Co.*, 27 N. W. Rep. [Minn.], 448; *Vannevar v. Bryant*, 21 Wall. [U. S.], 41; *Jifkins v. Sweetzer*, 102 U. S., 177; *Yulee v. Vose*, 99 Id., 545.

MAXWELL, CH. J.

This action was brought by the defendant in error upon a cause of action as follows:

"That on the 14th day of June, 1887, the plaintiff en-

tered into the defendant's employ for the term of one year from said date as its chief book-keeper and accountant; and the defendant, in consideration thereof, then agreed to employ the plaintiff at the agreed price of $2,000 per annum.

"Second—That plaintiff continued in said employ until the 31st day of August, 1887, when, although the plaintiff was ready and willing to remain in the same for the remainder of said term, the defendant refused to suffer plaintiff to continue in its employ, and discharged the plaintiff therefrom without any reasonable cause whatever, and has thence hitherto refused to employ the plaintiff for the remainder of said term.

"Third—That the plaintiff has thereby lost the wages which he otherwise would have obtained from said employ, and which the defendant refused to pay him, and plaintiff has since been unable to obtain other steady employment; has been, by reason of said contract, deprived of other valuable employment; and by the breach thereof by defendant has been brought into public suspicion and distrust, to plaintiff's damage in the sum of $5,000."

To this petition the defendant filed an answer, as follows:

"Now comes the said defendant, and for answer to the petition of the said plaintiff, says: Said defendant denies each and every allegation in said petition contained, save and except such as are in this answer expressly admitted. Said defendant admits that it employed said plaintiff to work for it, but only temporarily, and at defendant's pleasure, but not in the capacity in said petition stated, nor for the salary in said petition set out.   *   *   *   The defendant avers that it had the right at its pleasure to dismiss said plaintiff.   And it avers that said plaintiff did not perform his duties properly, nor was plaintiff of such character as to justify defendant in retaining him."

It will be observed that the statute of frauds is not pleaded by the defendant below.

On the 29th of June, 1888, a jury was impaneled, but so far as appears not sworn. The case was then adjourned by consent, apparently, as is claimed, to accommodate the attorneys for the plaintiff in error, to the following day. While the continuance was in force one of the attorneys for the plaintiff in error obtained an order from the judge of the federal court for the removal of the cause into that court. No copy of the petition for removal is set forth in the record. We have a copy of the order of Judge Dundy, which is as follows: "On reading the petition of removal and bond filed in this cause, ordered that said petition and bond be approved, and that the said cause be removed from the district court of Douglas county into this court, there to be proceeded with according to due course of law." There is nothing in the order to show that the cause was removed on the ground of bias or prejudice—the only ground on which it could be removed at that stage. We are of the opinion, too, that the order came too late. The calling of jurymen into the box and examining them on their *voir dire*, and accepting them as jurors, is, under our statute, the commencement of a trial. A party must act in good faith, not only with the court, but the adverse party, and should not be permitted to trifle with either. The district court of Douglas county had jurisdiction of the case and could not be divested of such jurisdiction, except in the manner provided by law, and error must affirmatively appear, which it does not in this ruling. The attorneys for the defendant then filed a motion, supported by affidavit, for a continuance, which motion was overruled. We have examined the affidavit for a continuance, and find it wholly insufficient.

On the trial the petition was amended by claiming a contract of service for one year, and in other respects. The defendant below then filed an answer as follows:

"Now comes said defendant, and for answer to the amended petition of said plaintiff says: It denies each and

every allegation in said amended petition contained save and except such as are in this answer hereafter expressly admitted. It admits that said plaintiff did work for the defendant, but not under a contract for a year, as alleged in the amended petition of plaintiff, which said contract so averred defendant denies it ever made. And defendant says that said plaintiff left said defendant's employment for good and sufficient reasons, and said defendant was entirely justified in all it did."

On the trial of the cause the jury returned a verdict in favor of the defendant in error for the sum of $815, and a motion for a new trial having been overruled judgment was entered on the verdict. There is no complaint of the instructions or that the verdict is excessive, and there is no error apparent in the record. The judgment is therefore

AFFIRMED.

THE other judges concur.