[Crim. No. 788.   In Bank.—February 6, 1902.]

## THE PEOPLE, Respondent, v. AMOS K. ZEIGLER, Appellant.

CRIMINAL LAW—MURDER—IMPANELING JURY—JUROR EXCUSED FOR SICKNESS—TRIAL TO BEGIN ANEW—PEREMPTORY CHALLENGES.—Upon the trial of a defendant accused of murder, where the jury was partially impaneled, and an accepted juror was excused for sickness, the trial should have begun anew, and the jurors sworn should have been discharged and recalled for further examination and challenge, the effect being to restore to the defendant his entire number of peremptory challenges, to be used in the selection of twelve competent jurors, instead of confining his remaining peremptory challenges to an increased number of other jurors to be impaneled. [Garoutte, J., Beatty, C. J., and Van Dyke, J., dissenting.]

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial. Lucas P. Smith, Judge.

The facts are stated in the opinion of the court.

John H. Leonard, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

TEMPLE, J.—The defendant having been convicted of murder in the first degree and sentenced to imprisonment for life, has appealed from the judgment and from an order refusing a new trial.

Appellant's principal point, and the only one which I find it necessary to consider, arises upon an exception taken while impaneling the jury. On the commencement of the trial twelve jurors were called and sworn to answer questions. Of these, three were finally sworn to try the case. This consumed the first day of the trial, and defendant had then used six of his peremptory challenges. On convening court on the following day, the court excused one of the jurors who had been accepted and sworn to try the case, on account of sickness. Upon this matter the bill of exceptions recites: "The defendant at that time duly excepted to the excusing of said juror and moved that the rest of the jurors be excused, and the impaneling of the jury be commenced anew." After some colloquy between the court and counsel, the court denied the request, and the defendant excepted. Then, to make the matter certain, counsel again demanded that the trial should begin anew, and that the jurors sworn be discharged. The court again denied the motion, and exception was taken.

The court proceeded to complete the jury, retaining the two already sworn, who were not, however, resworn, nor was defendant allowed more than his fourteen remaining peremptory challenges. These remaining challenges were exhausted when the eleventh juror was accepted and sworn. Another juror was then called and examined and passed as to challenges for cause, and was then challenged peremptorily by defendant. The court denied the challenge on the ground that defendant had used all his peremptory challenges, and the juror was sworn and as a juror participated in the trial. Defendant had made use of but fourteen peremptory challenges since the sick juror was excused. Had the trial been begun anew, as directed by section 1123 of the Penal Code (if that section is applicable), defendant would have been entitled to six more challenges. That he was denied this right is the grievance presented by this appeal.

The point was decided by this court in *People* v. *Stewart,* 64 Cal. 60, and that decision was affirmed in *People* v. *Wong Ark,* 96 Cal. 128. These decisions have never been overruled, although the first case is not supported by the authority cited. The question is whether the trial had commenced when the juror was excused. True, the chapter in which the section is found is headed as stated in that opinion, but the very

first section commences with the phrase, "The jury having been impaneled and sworn, the trial must proceed in the following order, unless otherwise directed by the court," and the entire chapter relates to procedure after that time, unless section 1123 constitutes the one exception. For this reason, the courts of North Dakota in *State* v. *Hasledahl,* 2 N. D. 521, refused to follow the rule, although their statute is the same as ours.

The course pursued in *People* v. *Stewart,* 64 Cal. 60, was in effect the common-law practice, where a juror was excused *after* the trial had commenced. That practice was to discharge the remaining jurors, but to immediately recall those who had been accepted and sworn. The effect of this otherwise useless formality was to restore to the defendant his entire number of peremptory challenges, and to permit him to challenge those already accepted. Those finally accepted were of course resworn. Conceding that the court rightly held that the trial had then commenced, the practice recommended was clearly right. This being the common-law method of beginning the trial anew, was, I doubt not, what was intended.

As to the main question, whatever we would feel inclined to hold if the question was now presented for the first time,— the rule having been so well established,—I think it should not now be changed.

Independently of the question of the construction of the statute, the conclusion is not without support in reason and justice. The Dakota court states that the defendant had used no peremptory challenge on the juror excused, and therefore had lost nothing by the action of the court. But this is an imperfect consideration of the facts. In the selection of the three jurors, in this case, the defendant used six challenges— an average of two to each juror finally sworn,—that is, only one third of those who passed the examination on *voir dire,* and the peremptory challenges of the people were acceptable to the defendant. For each person excused another must be selected by the same process, and in this case the defendant was compelled to so select ten jurors with his fourteen peremptory challenges instead of nine jurors. And in the process of impaneling a jury there might be occasion to excuse others, and the defendant might be called upon to select twenty jurors, or even more, and upon a different rule would still

have but twenty challenges. The rule under discussion is, in fact, that a defendant should have twenty peremptory challenges in the selection·of twelve competent jurors, and should not be compelled to select a greater number, having only twenty peremptory challenges.

The rulings in different states upon the point are not uniform. The general rule, however, is, that the excusing of a juror before the jury is completed is but an incident, the possibility of which was contemplated by the legislature in determining the number of peremptory challenges allowed. I think we should now adhere to our established rule.

The judgment and order are reversed and the cause remanded for a new trial.

McFarland, J., Henshaw, J., and Harrison, J., concurred.

GAROUTTE, J., dissenting.—I am compelled to dissent from the conclusion declared in this case. It may be conceded support for it is found in *People* v. *Stewart,* 64 Cal. 60, which was afterwards followed in *People* v. *Wong Ark,* 96 Cal. 125, without further consideration of the question. But the decision in *People* v. *Stewart,* upon careful examination, I conclude, is wholly unsatisfactory as containing sound exposition of the law, and should not be longer followed. That decision has been carefully reviewed in *State* v. *Hasledahl,* 2 N. D. 521, and the reasoning found there pointing out its unsoundness appears to be conclusive.

The decision in *People* v. *Stewart,* 64 Cal. 60, is inconsistent upon its face, for it declares that the defendant was entitled to twenty additional peremptory challenges, for the reason that after the sick juror was excused the trial, in the language of the statute, must "begin anew"; and it is then said, the trial beginning anew, the defendant necessarily is entitled to twenty challenges. The court also declared that the impanelment of the jury was part of the "trial." Yet in that case it is apparent that the trial did not "begin anew," in the sense that the impanelment of the jury was part of the trial, for the eleven jurors already in the box were still retained there.

It is plain that the section of the Penal Code (1123) here involved refers to a "trial" in a limited sense of the word,—that is, the procedure after the impanelment of the

jury. In *People* v. *Stewart*, 64 Cal. 60, there appears to have been twelve jurors selected and sworn at the time the juror was excused for sickness. The defendant at that time had already exercised nineteen peremptory challenges, and by the decision it was held that he was entitled to twenty more, or thirty-nine in all. In the case at bar, the defendant having exercised six peremptory challenges when the juror was excused, it is now held he is entitled to exercise twenty more, making twenty-six in all. These facts alone seem to stamp the conclusion of the court as unsound; for there is no law in this state which allows a defendant more than twenty peremptory challenges in any case. It may be further suggested that the conclusion following from these views tends to the prompt and certain administration of justice.

Beatty, C. J., and Van Dyke, J., concurred in the dissenting opinion.