(December 11, 1920.)

## STATE, Respondent, v. MELVIN PETTIT, Appellant.

[193 Pac. 1015.]

CRIMINAL LAW—SICKNESS OF JUROR—NUMBER OF PEREMPTORY CHAL-
    LENGES—VOIR DIRE EXAMINATION—ADMISSIBILITY OF EVIDENCE—
    INSTRUCTIONS—ARGUMENTS OF COUNSEL.

1. Where in a criminal case after a jury had been passed for cause the court, under the provisions of C. S., sec. 8968, excused one of the jurors on account of sickness, the defendant did not thereby become entitled to another peremptory challenge in addition to the number prescribed by law.

2. The scope of a *voir dire* examination of jurors by counsel in a criminal case is a matter which rests in the sound discretion of the trial court. Certain questions propounded to jurors considered, and found to be not beyond what is pertinent and proper in such an examination.

3. Particular acts of unchastity on the part of the prosecutrix in a rape case are not admissible to impeach her evidence, but might be admissible for the purpose of rebutting the inference of guilt to be drawn from expert medical testimony tending to show that an act of sexual intercourse had been committed.

4. A stipulation in a criminal case that an absent witness, if present, would testify to certain facts is not an admission of the truth thereof, but such evidence is as much subject to rebuttal as any other evidence in the case.

5. In this case the court properly instructed the jury that it is not necessary for the prosecutrix to be corroborated as to the particular acts constituting the offense, but unnecessarily injected into the instruction the words, "and the corroborating circumstances and facts testified to by other witnesses" without adding thereto the further condition, "if you find from the evidence that there are corroborating facts and circumstances," but since the court amply protected the appellant in other instructions, the error was without prejudice to any of his substantial rights.

6. It is proper for the jury to consider the arguments of counsel, in analyzing the evidence and applying the instructions of the court to it, in so far as such arguments may assist the jury in arriving at the truth. Beyond this their consideration of the case must be confined to the evidence admitted by the court and to the court's instructions.

7. A requested instruction requiring the court to single out any particular fact in evidence and suggest to the jury the effect which may be given to it is properly refused.

8. Certain instructions considered and found that no error was committed by the trial court in giving them.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Prosecution for the crime of rape. Judgment of conviction. *Affirmed.*

3. Presumption and burden of proof as to chastity under statutes making chastity an ingredient of rape, see note in 3 A. L. R. 1462.

5. Necessity and sufficiency of corroboration of prosecutrix in prosecution for rape, see notes in 6 Ann. Cas. 771; 17 Ann. Cas. 413; Ann. Cas. 1913D, 660.

Jas. R. Bothwell and W. P. Guthrie, for Appellant.

Anything which renders the statutory right of peremptory challenge materially less valuable is an injury to a party within the meaning of the statute. (*Searle v. Roman Catholic Bishop*, 203 Mass. 493, 17 Ann. Cas. 340, 89 N. E. 809, 25 L. R. A., N. S., 992, citing the following cases: *Hildreth v. Troy*, 101 N. Y. 234, 54 Am. Rep. 686, 4 N. E. 559; *Welch v. Tribune Pub. Co.*, 83 Mich. 661, 21 Am. St. 629, 47 N. W. 562, 11 L. R. A. 233; *Scranton City v. Gore*, 124 Pa. 595, 17 Atl. 144; *Montague v. Com.*, 10 Gratt. (Va.) 767; *Cunneen v. State*, 96 Ga. 406, 23 S. E. 412; *Bell v. State*, 115 Ala. 25, 22 So. 526; *Danzey v. State*, 126 Ala. 15, 28 So. 697.)

"Under Penal Code, sec. 1123, providing that if a juror becomes ill and is discharged a new juror may be sworn and the trial begin anew, where a juror is discharged because of illness during the impaneling of the jury, defendant having employed some of his peremptory challenges, is entitled to all the peremptory challenges that he had in the first instance." (*People v. Zigler*, 135 Cal. 462, 67 Pac. 754, 56 L. R. A. 882; *People v. Stewart*, 64 Cal. 60, 28 Pac. 112; *People v. Wong Ark*, 96 Cal. 125, 30 Pac. 1115; *Turner v. Territory*, 15 Okl. 557, 82 Pac. 650; 24 Cyc. 361; *State v. Hataway*, 144 La. 138, 80 So. 227; *People v. Brady*, 72 Cal. 490, 14 Pac. 202.)

Under the particular claim of the prosecutrix in this case, testimony as to other acts or opportunity for other acts was material. (22 R. C. L. 209.)

Instruction No. 3 fails to define penetration. This is required. (33 Cyc. 1504.)

Instructions Nos. 11, 12, 13 afford undue prominence to the statement that the prosecutrix need not be corroborated. This is contrary to law. (*State v. Jones*, 28 Ida. 428, 154 Pac. 378.)

The jury was not required to fix the sentence in this case. Therefore, no instruction was required in reference

thereto. (*State v. Altwatter,* 29 Ida. 107, 157 Pac. 256; *State v. Jones,* 28 Ida. 428, 154 Pac. 378.)

Roy L. Black, Attorney General, and Jas. L. Boone, Assistant, for Respondent.

Where a juror, on account of sickness, is excused by the court on its own motion before the conclusion of the trial, a defendant is not entitled to have one or more additional peremptory challenges granted him or one or more peremptory challenges restored. (*State v. Hazledahl,* 2 N. D. 521, 52 N. W. 315, 16 L. R. A. 150; *State v. De Weese,* 51 Utah, 515, 172 Pac. 290; *State v. Carmouche,* 141 La. 325, 75 So. 68; C. S., sec. 8926.)

Each party to an action has the right to put pertinent questions, to show, not only that there exist proper grounds for a challenge for cause, but to elicit facts which will enable him to decide whether or not he will exercise his right of peremptory challenge. (*People v. Goehringer,* 196 Ill. App. 472.)

Particular acts of unchasity are not permissible to impeach the evidence of the prosecutrix. (*State v. Henderson,* 19 Ida. 524, 114 Pac. 30; *State v. Anthony,* 6 Ida. 383, 55 Pac. 884; *State v. Anderson,* 6 Ida. 706, 59 Pac. 180; *State v. Lancaster,* 10 Ida. 410, 78 Pac. 1081; *State v. Apley,* 25 N. D. 298, 141 N. W. 740, 48 L. R. A., N. S., 269.)

An instruction which fails to define "penetration" is not erroneous. (*State v. Brinkley,* 55 Or. 134, 104 Pac. 893, 105 Pac. 708; *State v. Oden,* 69 Or. 385, 138 Pac. 1083.)

It is not necessary that prosecutrix be corroborated by testimony of other witnesses as to the particular act constituting the offense. (Brickwood, Sackett's Instructions, p. 1793; *Dunn v. State,* 58 Neb. 807, 79 N. W. 719.)

It is not error to instruct the jury to disregard the possible punishment which may be inflicted. (*State v. Howard,* 118 Mo. 144, 24 S. W. 41; *State v. Avery,* 113 Mo. 501, 21 S. W. 193; 16 C. J. 1026, sec. 2457.)

A jury may properly be instructed concerning remarks of counsel. (Brickwood, Sackett's Instructions, sec. 332.)

The court may not single out any particular fact in evidence and suggest to the jury the effect which may be given to it. (*State v. Jones,* 28 Ida. 428, 154 Pac. 378.) Instructions on credibility must apply to witnesses generally. (*State v. Rogers,* 30 Ida. 259, 163 Pac. 912; 16 C. J., sec. 2479.)

In the consideration of the court's instructions, the same must be considered as a whole. (16 C. J., sec. 2493; *State v. Curtis,* 29 Ida. 724, 161 Pac. 578.)

BUDGE, J.—Appellant was convicted of the crime commonly designated as statutory rape. This appeal is from the judgment.

The first contention of the appellant is that while he was entitled to ten peremptory challenges, in effect he was allowed only nine. After the jury had been passed for cause and the state had exercised three peremptory challenges and waived one and appellant had exercised four peremptory challenges, the court excused one of the jurors on account of sickness. Appellant objected to such juror being excused unless the court should grant him an additional peremptory challenge, urging that he had not expected to exercise a peremptory challenge with respect to this particular juror. It is insisted by appellant that this proceeding in effect deprived him of one peremptory challenge, and reliance is placed upon the California decisions, *People v. Stewart,* 64 Cal. 60, 28 Pac. 112, and *People v. Brady,* 72 Cal. 490, 14 Pac. 202. The statutory provision construed by those cases is identical with our C. S., sec. 8968, which provides that:

"If before the conclusion of the trial, a juror becomes sick, so as to be unable to perform his duty, the court may order him to be discharged. In that case a new juror may be sworn and the trial begin anew, or the jury may be discharged and a new jury then or afterwards impaneled."

In *People v. Stewart,* the court said:

"What is implied by the clause, 'and the trial begin anew'? The title of the chapter which provides for chal-

lenging the jury is, 'Of proceedings after the commencement of the trial and before judgment.' We think, within the meaning of the code, a trial commences when the case is called for trial unless the trial be then postponed. That everything that transpires in the case after that, and before judgment, is a part of the trial.

"That being so, it follows that the defendant was entitled, after the change had been effected, to all the challenges which the law gave him in the first instance. Within that limit he not only had a right to challenge the new juror, but likewise any or all of the original eleven."

But as pointed out by the supreme court of North Dakota in *State v. Hazledahl*, 2 N. D. 521, 52 N. W. 315, 16 L. R. A. 150, the effect of the decision in the Stewart case is to place it in the power of the accused to discharge the entire jury or not at his election, while the law places the election with the court. As having a particular bearing upon the situation of the case at bar, we quote the following from the latter case:

"In securing the twelfth juror he may, as he always may, use any peremptory challenges that he has not already exhausted in procuring the eleven. If he has already exhausted all his peremptory challenges, then, in this case, as in every other, the first man called against whom no challenge for cause can be interposed must be sworn as a juror. But the accused exhausted no peremptory challenges in disposing of the sick juror. He has used all the peremptory challenges which the statute gives him in securing the jury of twelve men by whom he is tried and he has no ground for legal complaint. We think it radically unsound to assume that the legislature intended to place the accused, so far as his peremptory challenges were concerned, in the same position when one juror was discharged as when twelve men were discharged. To prevent all possibility of prejudice to accused parties, the statute has given the trial court full discretion to discharge the entire jury, and we must presume the court will adopt that course in all

cases where there could be a suspicion of prejudice to the rights of the prisoner in adopting the first course.''

The North Dakota case has been followed by the supreme court of Utah in the well-considered case of *State v. De Weese,* 50 Utah, 515, 172 Pac. 290, and by the supreme court of Louisiana in *State v. Carmouche,* 140 La. 325, 75 So. 68. Even the California court, while still adhering to the rule announced in the Stewart case, has expressed doubt as to the correctness of the rule, as is apparent not only from the dissenting opinion, but the majority opinion, in *People v. Zeigler,* 135 Cal. 462, 67 Pac. 754, 56 L. R. A. 882. In the majority opinion therein it is said:

''As to the main question, whatever we would feel inclined to hold if the question was now presented for the first time, the rule having been so well established, we think it should not now be changed.''

But the dissenting opinion used the following pertinent language:

''I am compelled to dissent from the conclusion declared in this case. It may be conceded support for it is found in *People v. Stewart,* 64 Cal. 60, [28 Pac. 112]. . . . . But the decision in the Stewart case upon careful examination, I conclude is wholly unsatisfactory, as containing a sound exposition of the law, and should not be longer followed. That decision has been carefully reviewed in *State v. Hazledahl,* 2 N. D. 521, 52 N. W. 315, 16 L. R. A. 150, and the reasoning found there pointing out its unsoundness appears to be conclusive.''

We are satisfied that the court committed no error in refusing to allow appellant an additional peremptory challenge.

Error is sought to be predicated upon the rulings of the court permitting counsel for the state to ask the jurors on their *voir dire* examination:

(a) Whether they would return a verdict of guilty even though they entertained a slight doubt as to the defendant's guilt; (b) Whether supposing the prosecutrix was in the neighborhood of 18 years old, that would cause them to be

more lenient with the defendant; (c) If he was a man of family whether that would cause them to be more lenient with him; and (d) Whether the mere fact that outsiders might think otherwise or that they might be criticised or questioned concerning their verdict would cause them to hesitate.

While there may be some limit beyond which the *voir dire* examination may not properly go, it is a matter which rests in the sound discretion of the trial court. We are unable to see wherein any of the questions complained of go beyond what is pertinent and proper in such an examination.

The next assignment is that the court erred in refusing to permit counsel for appellant to interrogate the prosecutrix as to other acts of sexual intercourse. While it may be true, notwithstanding the general rule which has been frequently announced in this court, that particular acts of unchastity are not admissible to impeach the evidence of the prosecutrix (*State v. Anthony,* 6 Ida. 383, 55 Pac. 884; *State v. Anderson,* 6 Ida. 706, 59 Pac. 180; *State v. Lancaster,* 10 Ida. 410, 78 Pac. 1081; *State v. Henderson,* 19 Ida. 524, 114 Pac. 30), that where the state, as in this case, relies not merely upon the testimony of the prosecutrix touching the particular acts constituting the offense, but introduces expert medical testimony tending to show that an act of sexual intercourse had been committed, thereby enabling an inference of appellant's guilt to be drawn from this testimony in connection with other evidence in the case, it would be proper to permit the accused to introduce evidence tending to show that the alleged victim of his assault had actually had sexual intercourse with others, for the obvious reason that such evidence would completely negative any inference of guilt to be drawn from the medical expert testimony and bearing upon the accused, but the record before use presents no such a situation. The only attempt on the part of appellant to introduce such evidence was during his cross-examination of the prosecutrix, who was the first witness called by the state. At that time no medical expert

testimony had been introduced, and the evidence sought to be adduced by this proffered cross-examination was not in rebuttal of any evidence which the state had introduced up to that stage of the trial, and could have had no bearing at that time except as it might tend to impeach her evidence, for which purpose it was not admissible. The third and fourth assignments of error raising this question are, therefore, without merit.

It is contended that the court erred in permitting counsel for the state to interrogate appellant concerning the witness Boding. If we understand the contention of appellant with reference to this point correctly, it is that since the state had stipulated that if Boding were present he would testify to certain facts, the state was thereby precluded from introducing evidence tending to show that the facts which Boding would have testified to were untrue. But the state in admitting that Boding, if present, would testify to certain things did not thereby admit that his testimony would be true, and such statements were as clearly subject to rebuttal as any other evidence in the case.

Error is predicated upon the giving of instructions Nos. 3, 8, 11, 12, 13, 23 and 24. We shall dispose of them in the order above given.

"No. 3. The jury are instructed that to constitute the crime of rape it is necessary that penetration be shown, but if penetration be shown to have actually taken place, as a matter of fact, the degree of penetration is immaterial. Penetration, as herein used, means the penetration of the female organ of a female with the male member or organ of a man."

The attack made upon this instruction is that the word "penetration" is not sufficiently defined therein. It is not essential that the word "penetration" should be defined. All that is necessary is that the instruction make plain to the jury that the prosecution must show penetration in order to secure a conviction. This the instruction does.

Instruction No. 8 is criticised, first, because it tells the jury that it is their duty to reconcile conflicts in the evidence

if they can do so, and, second, because, as is contended, it confuses the degree of credibility that should be given to the uncorroborated testimony of the prosecutrix. While it would have been more accurate to have instructed the jury that it was their duty to reconcile seeming conflicts in the evidence, we are unable to see how the jury could have been misled by the language used, and it is the law that the jury should reconcile the evidence where they can do so. (*Giffen v. City of Lewiston,* 6 Ida. 231, 247, 55 Pac. 545; 14 R. C. L. 748, sec. 19; 16 C. J. 946, sec. 2319.) The instruction does not confuse the degree of credibility which should be given to the uncorroborated testimony of the prosecutrix. The instruction is, therefore, not erroneous for any of the reasons urged by appellant.

The objection urged to instruction No. 11 is that it affords undue prominence to the statement that the prosecutrix need not be corroborated. There is no merit in this position. (*People v. Keith,* 141 Cal. 686, 75 Pac. 304.)

The same objection is made to instruction No. 12, but this instruction contains no such statement and is not prejudicial to the appellant.

In appellant's brief, counsel calls particular attention to instruction No. 13, which he says is especially objectionable in that it invades the province of the jury by telling them, in effect, that there were corroborating circumstances. Considered alone, this instruction would, no doubt, be subject to the criticism offered, but, viewed in connection with all of the instructions, we are satisfied that prejudicial error cannot be based upon it. It is apparent that the whole purpose of this instruction was to advise the jury that it is not necessary for the prosecutrix to be corroborated by the testimony of other witnesses as to the particular acts constituting the offense, which is a correct statement of law. (*Dunn v. State,* 58 Neb. 807, 79 N. W. 719, 720; *People v. Scott,* 24 Cal. App. 440, 141 Pac. 945, at 947.) The court unnecessarily injected into the instruction the words, "and the corroborating circumstances and facts testified to by other witnesses," without adding thereto the further condition, "if

you find from the evidence that there are corroborating facts and circumstances''; but since the court amply protected the appellant in other instructions, so far as this point is concerned, it was error without prejudice to any of his substantial rights.

The criticism made by appellant of instruction No. 23 is that the court under the guise of telling the jury that they are not to consider the punishment, nevertheless instructs them with reference to the point, but the instruction is not erroneous. It tells the jury in substance that they are not to consider what punishment might be inflicted upon appellant in case he is found guilty, but that the law prohibits the court from giving them any instructions as to what punishment he might receive, and this is unquestionably the law.

It is contended that instruction No. 24 is confusing in that it advises the jury to disregard totally the statements made by counsel for the appellant during the trial. The instruction correctly states the law. It is proper for the jury to consider, in analyzing the evidence and applying the instructions of the court to it, the arguments of counsel in so far as they may assist the jury in arriving at the truth. Beyond this their consideration of the case must be confined to the evidence admitted by the court and to the court's instructions.

Error is predicated upon the refusal of the court to give appellant's instruction No. 7. The instruction was properly refused, for the reason that the court may not single out any particular fact in evidence and suggest to the jury the effect which may be given to it. (*State v. Jones,* 28 Ida. 428, 154 Pac. 378.)

The evidence is amply sufficient to sustain the verdict, and no prejudicial error appearing, the judgment is *affirmed.*

Rice, J., concurs.

MORGAN, C. J., Concurring.—The discussion of C. S., sec. 8968, is beside the mark. The venireman was taken sick and excused before being accepted as a juror. The stat-

ute in question is applicable only in case of sickness of a juror, and, in the sense in which that term is therein used, those only are jurors who are accepted as such and sworn to try the cause.

Instruction numbered 11, mentioned in the foregoing opinion, is as follows:

"The court instructs the jury that it is their province to determine the weight to be given the testimony of a female upon whom it is alleged in an information that rape has been committed, and who testifies to the facts and circumstances of such rape as of any other witness testifying in the case; and if such testimony creates in the mind of the jury a satisfactory conviction and belief, beyond a reasonable doubt, of the defendant's guilt, it is sufficient of itself, without other corroborating circumstances or evidence, to justify a verdict of guilty of rape on the trial of this case."

Instruction numbered 12 is devoted, largely, to the testimony of the prosecutrix and the matters to be taken into consideration in weighing it, and the weight to be given it, and in that numbered 13 the jury is again informed it is not essential that she be corroborated by the testimony of other witnesses as to the particular act constituting the offense.

Instruction numbered 18, which appears to have been given at appellant's request, is as follows:

"The court instructs the jury that it is their province to determine the weight and credibility to be given the testimony of a female upon whom it is alleged in the information that a rape has been committed, and who testifies to the facts and circumstances of such rape, as of any other witness testifying in the case, and the general rule is that a conviction may be had upon the uncorroborated testimony of a prosecutrix. However, if the reputation of the prosecutrix is impeached for truth and veracity, or if the prosecutrix has given contradictory testimony or made contradictory statements in any material matters, it then becomes necessary for the state to show by corroborative circumstances or evidence which in itself tends to show that a crime has been

committed, and which, when taken with the testimony of the prosecutrix, convinces the jury beyond a reasonable doubt that the defendant is guilty before a conviction may be had.''

This court said in *State v. Rogers,* 30 Ida. 259, at 272, 163 Pac. 912, 916: ''We think the better rule for the court to follow is not to single out any special witness personally and burden his testimony with any suggestions which might indicate to the jury that in the opinion of the court such witness was liable to testify falsely. Instructions as to the credibility of a witness should be general, and apply equally to all of the witnesses for the state and the defendant alike. Because a witness may be the defendant is no particular reason why he should be visited with condemnation upon the one hand or clothed with sanctity upon the other. He is before the court as a witness and should be treated by both the court and the jury just as other witnesses are treated— no better and no worse. And the giving of such instruction cannot be regarded as otherwise than erroneous.''

That rule applies to the testimony of the prosecutrix in a rape case the same as to that of witnesses generally, and the action of the court in making the comments above quoted was erroneous.

Appellant, by asking for one of the instructions in which the objectionable comment was contained, has brought himself within the rule that one procuring error to be committed cannot take advantage of it.