## JENSEN v. ANDERSON

No. 3043.   Decided July 10, 1917.   Rehearing denied October 6, 1917.   (167 Pac. 811.)

1. LANDLORD AND TENANT—RENTING ON SHARES—ACTIONS—PLEADING. In an action instituted August 6th, the complaint alleged an oral agreement between plaintiff and his tenant for the division of a crop of wheat; that defendant on the 5th and 6th days of August threshed 2,382½ bushels of wheat; that as it was threshed plaintiff was the owner and entitled to the immediate possession of one-fourth thereof; that on such days he demanded one-fourth of the grain which was all similar in kind and capable of division; that defendant wrongfully obtained possession thereof, and unlawfully continued in possession, and wrongfully detained the grain; that before the commencement of the action, and on August 5th and 6th plaintiff demanded 596 bushels, or one-fourth of the crop; and that defendant unlawfully withheld and detained all of the crop. *Held,* that the

complaint sufficiently showed plaintiff's right to and immediate possession of the property at the time of the institution of the action. (Page 518.)

2. EVIDENCE—PAROL EVIDENCE—SUBSEQUENT AGREEMENTS. Where a lease provided as to the years 1912 to 1916, inclusive, that the lessee should plow and crop the whole farm every alternate year, that he should have the whole of the first and second crops harvested in the years 1912 and 1914, and that out of the third crop to be grown and harvested in 1916 he should pay a rental equal to one-fourth of the crop, proof of a subsequent parol agreement that a crop should be grown in 1915, and divided between the parties, did not vary or contradict the terms of the written lease, but was an additional agreement respecting a crop not contemplated by the lease. (Page 519.)

3. LANDLORD AND TENANT—RENTING ON SHARES—LEASE—CONSIDERATION FOR MODIFICATION. If any consideration for such parol contract other than the mutual promises of the parties was required, the right given the tenant to cultivate the premises and harvest the crop during 1915 constituted a consideration therefor. (Page 519.)

4. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTIONS. O. leased a farm to defendant to be plowed and cropped every alternate year, the first two crops to belong to defendant and the third, to be grown and harvested in 1916, to be divided. O. sold the farm to plaintiff, and plaintiff sued for possession of a part of a crop grown in 1915, asserting a parol contract for the raising of such crop and a division thereof. The court charged that the jury were to determine the action under the terms of the lease, and that if they found that its terms were ambiguous, then the construction as placed thereon by plaintiff and defendant was to control. *Held,* that while this instruction may have been outside the issues, it was not prejudicial error, where practically all the testimony bore on the question of whether there was such a parol agreement as plaintiff alleged, there was sufficient evidence on this point to support a verdict for plaintiff, and the court further charged that the jury's duty was to determine the ownership of one-fourth of the crop harvested in 1915, and that if they found such ownership to be in plaintiff, their verdict should be for him. (Page 520.)

Appeal from District Court, First District; *Hon. J. D. Call,* Judge.

Action by Jacob Jensen against P. M. Anderson.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*Geo. Halverson* for appellant.

*W. J. Lowe* and *B. C. Call* for respondent.

GIDEON, J.

This is an action instituted by the plaintiff to recover from the defendant 596 bushels of wheat, or the value thereof, alleged to be $540. The complaint alleges that one O. J. Olson was the owner of 81 acres of land in Box Elder County in April, 1911; that thereafter, on or about the 16th day of January, 1914, Olson sold and conveyed said premises to the plaintiff, Jacob Jensen; that on April 1, 1911, Olson leased the premises to the defendant, P. M. Anderson, for a term of 5 years and 6 months, making the lease terminate on October 1, 1916. The agreement of the parties, as contained in said lease, is as follows:

"O. J. Olson agrees to furnish material and fence said tract of land during the autumn of 1911. P. M. Anderson agrees to plow, clear and burn all brush, cultivate, furnish all seed, and seeding the whole tract of land during the year 1911. It is also agreed that P. M. Anderson shall pay no part or portion to O. J. Olson of the first and second crops respectively that will be harvested in the years 1912 and 1914, while out of the third crop, which will be grown and harvested in the year 1916, P. M. Anderson shall pay a rental to O. J. Olson, the amount of equal to one-fourth of the whole crop grown and harvested and threshed from said land, said one-fourth shall be clear and free of all expenses. Mr. P. M. Anderson agrees to plow and crop the whole tract of eighty-one acres every alternate year during the term of this lease as given above."

It is alleged in the complaint that subsequent to the conveyance to the plaintiff an oral agreement was entered into between the plaintiff and the defendant, whereby the defendant agreed to farm and cultivate the premises for the season of 1915, and give the plaintiff one-fourth of the crop harvested thereon during that year; that during the summer of 1915 the defendant harvested the crop growing upon the land,

and on the 5th and 6th days of August, 1915, threshed 2,383½ bushels of wheat; that the plaintiff was the owner and entitled to the immediate possession of one-fourth of the said grain, and on both the 5th and 6th days of August, 1915, demanded from the plaintiff one-fourth of the amount of wheat threshed, and further alleged that as the grain was threshed the defendant wantonly, wrongfully, and unlawfully obtained possession of the same against the will and consent of plaintiff, and has continued since said dates to wrongfully and unlawfully retain possession of the same from the plaintiff against plaintiff's will. A general demurrer was filed to that complaint on the ground that it does not state facts sufficient to constitute a cause of action. After overruling the demurrer an answer was filed, admitting the execution of the lease, the ownership of the land in Olson at that time, and the subsequent transfer of the same to the plaintiff herein, and denying all other allegations of the complaint. A trial was had to a jury, which resulted in a verdict for the plaintiff, awarding him possession of the wheat.

Appellant first attacks the sufficiency of the complaint, and it is contended that as this is a suit for the recovery of personal property, the complaint fails to show a right in plaintiff to the immediate possession of the property 1 upon the date of instituting the action. The original complaint was filed August 6, 1915. The allegations in the second amended complaint, upon which the issues were tried, among others, are as follows:

"That during the summer of 1915, the said defendant harvested the crops growing upon said premises, and on the 5th and 6th days of August, 1915, threshed 2,383½ bushels of wheat from said grain grown upon said premises.

"That as said grain was threshed, the plaintiff was the owner of and entitled to the immediate possession of one-fourth thereof, and that on the said 5th and 6th days of August, 1915, the plaintiff demanded of the defendant one-fourth of said grain, which was all similar in kind and capable of division.

"That as said grain was threshed, as aforesaid, the defendant wantonly, wrongfully, and unlawfully obtained possession of said wheat, and all thereof, without the plaintiff's consent, and now, and at all times since said taking, wrongfully and unlawfully continues in the possession of said grain, and wrongfully detains the same from plaintiff, against plaintiff's will and without his consent.

"That before the commencement of this action, to wit, on the 5th and 6th days of August, 1915, and while the defendant was in the possession of all of said wheat, the plaintiff demanded of the defendant possession of 596 bushels of said wheat, or one-fourth of the total amount of said crop.

"That said defendant still unlawfully and wantonly withholds and detains all of said crop, including plaintiff's one-fourth thereof, from the possession of the plaintiff, to his damage in the sum of $540."

The allegations of ownership and right of possession in plaintiff, together with the further allegation that the possession is unlawfully continued on the part of the defendant, are equivalent to, and contain, at least, by necessary inference or deduction, an allegation that the plaintiff was entitled to the immediate possession of the property at the time of instituting the suit. In addition it is alleged specifically that a demand was made for the possession of the property, and possession refused on the 6th day of August, and on that day the complaint was filed. I do not see how an allegation more specifically showing a right in plaintiff to the immediate possession of the property upon the date of instituting the action could have been made. *Smith* v. *Wisconsin Inv. Co.*, 114 Wis. 151, 89 N. W. 831.

Objection is further made that testimony was permitted to be introduced violating the terms of a written agreement; that the lease in question covered a period of five years, and that any testimony showing an agreement between the plaintiff and defendant in July, 1914, relating to the      **2, 3** crop to be grown upon the premises in 1915, was contradictory of and varied the terms of a written instrument. An examination of the lease, as hereinbefore set out, will show that it was never in the contemplation of the original

parties to that agreement that a crop should be grown upon the premises during the year 1915. It seems to have been the intention that a crop should be grown each alternative year, and that the lessee, the defendant, was entitled to the full harvest for the years 1912 and 1914, and that the "third crop" to be grown thereon in the year 1916 should be divided, one-fourth to the landowner and three-fourths to the tenant. Nothing is said in the lease about a crop on the premises in 1915, and any agreement made between plaintiff and defendant in July, 1914, respecting the crop of 1915 was not in any way at variance with or contradictory of the terms of a written agreement. In fact, it was simply an additional agreement respecting a crop to be grown in a year not contemplated by the original parties to the lease. The consideration for the parol contract, if any consideration was required save the mutual promises of the parties, was the right that the tenant was given to cultivate the premises and harvest a crop during 1915. 24 Cyc. 813.

Complaint is also made of this instruction given by the court:

"You are instructed that, under the terms of the lease entered into between O. J. Olson and the defendant, the defendant was entitled to two crops, and as to the third crop, Olson was to have an interest therein, as in the said lease provided. You are to determine this action under the terms of the lease, and if you find that the terms thereof are ambiguous, then the construction as placed thereon by the plaintiff and the defendant is to control."

Objection is made that that instruction was outisde the issues, and "that it submitted to the jury the whole case upon the lease from Olson to the appellant, and left it (the jury) to determine whether, under the terms of the lease, respondent was entitled to recover," and that by so doing the court ignored the issues made by the complaint and answer. It may be doubted whether the question therein submitted to the jury was within the issues, but the court proceeded in the next instruction (No. 5) to tell the jury that their duty was to determine the ownership of the 596 bushels

of wheat, being one-fourth of the crop harvested in 1915 upon the land described in the complaint, and that if they found that ownership to be in plaintiff their verdict should be for plaintiff and against defendant. An examination of the record shows that practically all the testimony introduced bore directly on the one issue as to whether there was an agreement made between plaintiff and defendant in July, 1914, respecting the division of the crop to be harvested on the premises in the year 1915, and that issue was the one considered and determined by the jury. It will not be contended that, unless errors in law were made in the submission of the question to the jury, there is not sufficient evidence in the record to support the verdict. In fact an examination of the entire record shows that the great preponderance of the testimony does support the allegations in the complaint that such a contract was made, and that fact is not disputed by any witness except the appellant himself.

There appears to be no prejudicial error in the record, and the judgment is therefore affirmed. Respondent to recover costs.

FRICK, C. J., and McCARTY, CORFMAN, and THURMAN, JJ., concur.