[No. 20288. In Bank. — June 9, 1887.]

THE PEOPLE, RESPONDENT, *v.* MICHAEL BRADY, APPELLANT.

CRIMINAL LAW — MURDER — VERDICT — CONFLICT OF EVIDENCE. — In a prosecution for murder, a verdict of conviction will not be reversed on the ground that it is not warranted by the evidence, when there is testimony in the case which, if credited by the jury, demanded from them the verdict rendered.

ID. — SICKNESS OF JUROR — DISCHARGE OF — IMPANELING NEW JURY. — After the jury was sworn to try the cause, and before any evidence was taken, one of the jurors was taken sick, and being unable to continue on the jury, was discharged by the court. The defendant excepted to this action, and requested that the remaining jurors be discharged, and their names, in common with all others summoned, be placed in the jury-box, and that the jury be impaneled anew. The court declined to pursue this course, and retained the eleven jurors, subject to the right of the parties to challenge them. The defendant interposed no challenge. The prosecution challenged one of the eleven peremptorily, and thereupon the jury was filled and sworn in the usual manner. *Held*, that under section 1123 of the Penal Code, the course pursued by the court was proper.

ID. — DYING DECLARATION — ADMISSIBILITY OF. — On the day following that on which the deceased was injured, and after he had been told by a physician that his wounds were mortal, he announced repeatedly that he had no hope of recovery, and that he was going to die, and expressed a desire to make a statement of the circumstances attending the conflict with the defendant. His statement was then made to a justice of the peace, in the presence of several persons, taken down by a reporter in shorthand by question and answer, written out at length, read and assented to by the deceased, who signed and swore to it. *Held*, that the statement was admissible as a dying declaration, although it did not contain certain conversations had by him in reference to the homicide, prior to the making of the formal statement.

APPEAL from a judgment of the Superior Court of Colusa County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*William Frazier*, for Appellant.

*Attorney-General Johnson*, for Respondent.

SEARLS, C. J.—The defendant was charged by information with the crime of murder, alleged to have been committed in the county of Colusa, on the twenty-first day of June, 1885, by the killing of one W. A. Bristow.

He entered a plea of not guilty, and upon a trial had was found guilty of murder in the first degree, and the punishment fixed at imprisonment for life in the state prison.

The first point made by the appellant is, that the verdict is contrary to and not warranted by the evidence; that at most it only made a case of manslaughter, and was lacking in the elements from which malice is presumed.

The testimony was, as is usual in such cases, more or less contradictory, and it only need be said that there was testimony which, if credited by the jury, demanded from them the verdict rendered. As they were the sole judges of the degree of credit to be given to the testimony, the verdict cannot be disturbed for the cause indicated in the error assigned.

It is further urged that the court erred in refusing a new trial upon the ground of error committed in discharging a juror, and in refusing to discharge the remainder of the panel and to commence *de novo* and impanel a jury.

It appears from the record that after the jury was sworn to try the cause, and before any evidence was taken, Henry Gurnsey, one of the jurors, was taken sick, and being unable to continue on the jury, was discharged by the court; counsel for defendant excepted to this action of the court, and requested that the remaining

eleven jurors be discharged, and that their names, in common with all others summoned, be placed in the jury-box, and that the jury be impaneled anew to try the cause.

The court declined to pursue this course and retained the eleven jurors, subject to the right of counsel to challenge said jurors. Defendant interposed no challenge. The prosecution challenged one of the eleven peremptorily, and thereupon the jury was filled and sworn in the usual manner.

Section 1123 of the Penal Code provides: " If, before the conclusion of the trial, a juror becomes sick, so as to be unable to perform his duty, the court may order him to be discharged. In that case a new juror may be sworn and the trial begin anew, or the jury may be discharged and a new jury then or afterward impaneled."

The course pursued by the court was eminently proper under the code. There appeared no good reason for discharging all of the jurors, as the court might have done, and as the right of the defendant to challenge the jurors retained was expressly accorded to him, there was no error committed. (*People* v. *Stewart*, 64 Cal. 60.)

The only other error urged upon our attention relates to the admission of the dying declarations of the deceased, and to the refusal of the court to strike out such declarations.

The testimony shows that the deceased was cut by defendant on the evening of the twenty-first day of June, 1885, so severely that his bowels protruded, and he held them with his hands while walking from the scene of the difficulty to his cabin. A physician was called, who upon an examination of the wounds, of which there were several, pronounced the injuries mortal, and stated in the hearing of the patient that there was no hope for him.

On the following day (June 22, 1885) deceased announced repeatedly that he had no hope of recovery,

and that he was going to die, and expressed a desire to make a statement of the circumstances attending the conflict with defendant. His statement was then made to a justice of the peace, in the presence of several persons, taken down by a reporter in short-hand, written out at length, read and assented to by deceased, who signed and swore to it. He died the same night or the following morning.

Counsel for defendant based a motion to strike out the dying statement on the ground that the written statement as introduced did "not contain all of the statements made by the deceased at the time, and does not contain all the questions and all the answers put to and answered by the declarant with reference to this homicide at that time." The motion was denied because it failed to appear that any questions were put or answers given which did not appear in the statement as presented.

The record shows: 1. That before the statement was commenced there were several persons present who put questions to deceased touching the affray, which were answered by him; 2. That having expressed a desire to make a formal statement, it was taken down by question and answer, literally, and every word of it written out and assented to, as hereinbefore stated.

If there was any statement made by deceased which conflicted with his formal dying declaration, it might have been competent to prove it, but nothing of this kind was attempted, or, so far as we can see, claimed.

It was neither necessary nor proper to include in the dying statement all the deceased said from the time he received the mortal wound.

The parties met him, and after an informal interview, directed, so far as appears, mainly as to his condition and expectation of speedy death, proceeded in a formal manner to take and read his dying statement.

The court below was satisfied that this statement was made in such immediate and certain expectancy of

speedy death as entitled it to admission as a dying statement, and in this view we think there was no error.

The judgment and order appealed from are affirmed.

McFARLAND, J., McKINSTRY, J., TEMPLE, J., SHARP-STEIN, J., and PATERSON, J., concurred.