Clifford CONNER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–433.

Court of Criminal Appeals of Oklahoma.

Feb. 8, 1974.

A. W. Mauldin, Leo A. Watson, Jr., Duncan, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

## DECISION AND OPINION

BRETT, Judge:

Appellant, Clifford Conner, who will hereinafter be referred to as defendant, was convicted on September 18, 1973, in Stephens County District Court Case No. CRF–73–3, for the offense of Attempted Burglary in the Second Degree, After Former Conviction of a Felony. Defendant entered a demurrer to the State's evidence which was denied by the trial court. After being properly instructed and after closing arguments on both sides were had, the jury retired and subsequently returned a verdict finding defendant guilty of the basic charge. During the second stage of defendant's trial the State introduced three separate and properly certified judgments and sentences which reflected that one Clifford Conner had been convicted in Lubbock County, Texas. In each instance defendant was represented by court appointed counsel. The first conviction reflected that Clifford Conner was convicted July 15, 1965 for the offense of passing a forged instrument; the second reflected that Clifford Conner was convicted November 8, 1966 for the offense of attempt-

ing to pass a forged instrument; and the third judgment and sentence reflects that one Clifford Conner was convicted June 17, 1969 for the offense of burglary. After submitting the three judgments and sentences the State rested its case in the second stage of the trial. Defendant thereupon demurred to the evidence and moved to dismiss, both of which motions were denied by the trial court. Defendant then called Deputy Sheriff Warren MaGhee to testify concerning defendant's good conduct while serving in the county jail. At the conclusion of oral argument the jury was properly instructed to determine the sufficiency of the State's evidence in the second stage of appellant's trial. The jury returned a verdict finding defendant guilty in the second stage of the trial and assessed punishment at five years confinement in the State Penitentiary. From that judgment and sentence this appeal has been perfected.

Defendant sets forth two propositions of error in his appeal. The first asserts that the court erred in overruling defendant's demurrer at the end of the State's evidence in the second stage of the trial, asserting there was not proper identification or connection other than the name between defendant and the Texas convictions introduced. The second proposition asserts that the court erred in failing to grant defendant's motion for mistrial after certain alleged, prejudicial comments were made to the jury concerning the place of defendant's residence.

█ Both defendant and the State rely upon this Court's decision in Williams v. State, Okl.Cr., 364 P.2d 702 (1961), concerning defendant's first proposition of error. Defendant cites that portion of the Williams' decision wherein this Court stated:

"We do think that the better practice is (and should be followed whenever at all possible) to establish identity with efficiency and diligence whenever the same is not rendered impossible by extenuating circumstances." at page 705.

We observe, however, that the first paragraph of this Court's syllabus reads as follows:

"In regard to proof of former conviction under the Habitual Criminal Act, 21 O. S. (1951) § 51, the identity of name of the defendant and the person previously convicted is prima facie evidence of identity of person, and, in the absence of rebutting testimony, supports a finding of such identity. This will leave the question of identity to be determined by the jury, after a proper instruction has been given, upon a consideration of all surrounding facts and circumstances, such as commonness or unusualness of the name, the character of the former crime or crimes, and the place of its commission." See also Buie v. State, Okl.Cr., 366 P.2d 663.

We therefore conclude, after considering defendant's first proposition that the burden was properly shifted to him to rebut the prima facie evidence offered by the prosecution, but defendant did not undertake to offer that rebuttal.

█ With reference to defendant's second proposition, we first observe that the closing argument was not transcribed by the court reporter. Defendant's motion for mistrial was made at the conclusion of trial after the jury had returned a verdict assessing defendant's punishment. The record also reflects that at the time the complained-of remark was made, defense counsel entered an objection and the trial court sustained the objection; the court then admonished the jury not to consider the remark. Defendant cites the case of Booze v. State, Okl.Cr., 390 P.2d 261 and Ball v. State, Okl.Cr., 375 P.2d 340 (1962), to support his position. After considering this record in its entirety we believe that defendant's position is not properly sustained. In the first instance the remark was made by the prosecutor during the second stage of the proceeding, and could not have prejudiced defendant on the question of guilt. Secondly, we believe this Court's statement in Samples v. State, Okl.Cr., 337

P.2d 756 (1959), is applicable in this case. This Court stated:

" . . . the principle long adhered to by this court that a conviction will not be reversed for alleged misconduct of the prosecuting attorney, unless this court can say that the prosecuting attorney was not only guilty of misconduct, but that such misconduct might, in some degree, have influenced the verdict against the defendant." See also Schneble v. Fla., 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972).

Therefore, after considering this case in its entirety, we find that there is not sufficient error in the record to warrant reversing the conviction, nor justification to modify the sentence imposed by the jury. Therefore, defendant's conviction in Stephens County District Court Case No. CRF–73–3, is hereby affirmed.

BLISS, P. J., and BUSSEY, J., concur.