**Clyde RICHMOND, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–457.**

Court of Criminal Appeals of Oklahoma.

March 10, 1977.

OPINION

BUSSEY, Presiding Judge:

Clyde Richmond, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–75–2665, for the crime of Burglary in the First Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1431. His punishment was fixed at forty (40) years in the State Penitentiary, and he appeals.

Terry Edwin Dieterle, Mormon Church Missionary, living in an Oklahoma City apartment at 1441 Northwest 2nd and 92nd Street, testified that somewhere between 12:30 and 1:30 a. m., on July 21, 1975, he was awakened from his sleep by an intruder. Quickly investigating, Dieterle observed a black man whom he described as fitting the defendant's description, standing in the then open doorway of his Oklahoma City apartment. Unhesitatingly, the intruder took three steps into the apartment and said, "I want your rent." The witness told the intruder to leave but instead he ransacked the dresser drawer. Finding nothing, he picked up Dieterle's pants from a nearby chair. A scuffle ensued and Dieterle regained his pants before forcing the black man from his apartment. Dieterle then discovered that his wallet, which he had placed in the pants before retiring, was now missing. The police were called and given a general description of the intruder and his clothing. Although Dieterle could not make a positive identification of the defendant, he did testify that the defendant fit the intruder's general description. Furthermore, Dieterle testified that some four days after the break-in he identified his missing billfold at the police station.

The State's second witness was Officer Charles McNeill of the Nichols Hills' Police Department. Responding to a monitored Oklahoma City police call concerning the Dieterle burglary, Officer McNeill observed a white Cadillac driven by a black male fitting the alleged burglar's description at the intersection of 90th and Military Street.

William F. Funk, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Alan Foster, Legal Intern, for appellee.

The defendant's car was stopped by Officer McNeill some five to six blocks east from the burglary scene. Officer McNeill identified the defendant as the driver of the white Cadillac and State's Exhibit No. 1, as the billfold he found on the driver's side of the front floorboard of the defendant's car.

The State's next witness, Officer Whaley, of the Oklahoma City Police Department, corroborated the testimony of Officer McNeill. Officer Whaley testified that upon arrival at the scene, he advised the defendant of his rights, made the arrest, and during his inventory search, took possession of Dieterle's billfold found in the front floorboard of the defendant's white Cadillac. Officer Whaley identified State's Exhibit No. 1, and the same was admitted into evidence.

The victim, Terry Edwin Dieterle, when recalled to testify for the State concerning his identification of the defendant, responded that the defendant "would meet the description" of the intruder.

The State then rested.

The defense then placed Mr. John Terry Clark on the stand who, apparently serving as an alibi witness, stated that he and the defendant had been together since 8:30 p. m., on the evening of July 20, 1975, and that the defendant did not leave his residence until 12:30 or 1:00 a. m. the next morning.

A verdict of guilty was returned following this testimony and the jury's deliberations.

At the second stage of this bifurcated proceeding, the State called Deputy Court Clerk Phil Jordan, who testifying concerning certified copies of the defendant's judgments and sentences in Case Nos. 35464, 35463, and 31281, stated such were final and reflected defendant's representation by counsel in all three.

The State's final witness, Police Officer Don Schimmels, identified the defendant as the same person charged in Case No. 31281.

The defendant assigns error in the court's failure to sustain the defendant's demurrer to the evidence arguing the State's failure to prove identification of the defendant in two of the three offenses alleged in the second sheet of the information.

At the second stage of the proceedings, the State called a deputy court clerk, who produced certified copies of the defendant's judgments and sentences in Case No. 35464, 35463, and 31281, and testified that these were final and not on appeal. In addition, this witness produced copies of docket sheets in the above three cases and all were admitted into evidence.

Furthermore, Police Officer Don Schimmels identified the defendant as the Clyde Richmond charged and convicted in Case No. 31281.

This assignment of error is totally without foundation. The second page of the information reveals that the defendant had committed three prior crimes. The record clearly reflects that the State introduced certified judgments and sentences in all three cases, along with docket sheets showing that all three convictions were final, not on appeal, and that in each the defendant was represented by counsel.

This Court has heretofore resolved this issue. In the case of *Warren v. State,* Okl. Cr., 537 P.2d 443 (1975), we held that evidence presented at the second stage of a trial was sufficient to sustain a conviction for second degree burglary, after former conviction of a felony as to a defendant who alleged that the State offered no proof that the defendant was the same person as the person previously convicted of the felonies alleged in the information, where the State, through a deputy court clerk, identified and introduced four certified copies of felony judgments and sentences bearing the defendant's name, and where evidence was presented that each judgment and sentence was final and that the defendant was represented by counsel in each case.

In the case of *Conner v. State,* Okl.Cr., 518 P.2d 1271 (1974) we held that separately and properly certified judgments and sentences, which reflected that an individual with the same name as the defendant had been convicted of certain offenses, made a

prima facie case of identity of the defendant, and after prosecution introduced these judgments and sentences at the second stage of the defendant's trial, the burden was properly shifted to the defendant to rebut such prima facie evidence, in order to preclude application of a habitual criminal act. (21 O.S.1971 § 51). See, also, *Williams v. State,* Okl.Cr., 364 P.2d 702 (1961).

The defendant introduced no evidence at the second stage of the proceedings.

In light of the fact the defendant failed to introduce any evidence to contradict the prima facie showing by the State that he was one and the same person who had sustained the prior convictions, and in accordance with *Conner v. State,* supra, we find this assignment of error cannot be sustained.

For the above and foregoing reasons, the judgment and sentence appealed from is, accordingly, *AFFIRMED.*

BLISS and BRETT, JJ., concur.