Paula Sue DAVIS and Earl Wayne Davis, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. F–80–240.

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1981.

Rehearing Denied Oct. 19, 1981.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

Charles S. Rogers, Deputy Appellate Public Defender, Robert M. Beck, Sp. Counsel, Norman, for appellants.

## OPINION

CORNISH, Judge:

The appellants were jointly tried and convicted by a jury in the District Court of Comanche County, Case No. CRF–79–41. Paule Sue Davis was convicted of Burglary in the Second Degree and sentenced to seven (7) years' imprisonment. Earl Wayne Davis was convicted of Burglary in the Second Degree, After Former Conviction of a Felony, and sentenced to ten (10) years' imprisonment.

The appellants broke and entered into a trailer and removed a stereo system and a portable television. The owners of the trailer arrived while one of the appellants was carrying a stereo speaker to the car.

The first issue to be addressed is whether the appellants were subjected to double jeopardy in violation of their rights under the Fifth Amendment. The appellants' trial began in an uneventful manner. The jury was empaneled and sworn; each side made their opening statement; the State's first witness testified. A noon recess was then taken. After the noon recess, the trial resumed with only eleven (11) jurors. During lunch, one juror had been involved in a car accident and as a result was unable to resume his jury duties.

The trial court, at the State's request, invoked Title 22, Section 855, of the Oklahoma Statutes, which provides that:

If before the conclusion of a trial, a juror becomes sick, so as to be unable to perform his duty, the court may order him to be discharged. In that case, or in the event of the death of a juror, a new juror may be sworn, and the trial begin anew, or the jury may be discharged, and a new jury then or thereafter impaneled.

The trial judge ruled that it was in the best interest of justice to discharge the disabled juror and *voir dire* a new juror to sit with the original eleven jurors. The next day the trial was begun anew. The appellants objected to this procedure and requested an entirely new jury panel and moved for a mistrial.

In *Bennett v. Shumate*, 586 P.2d 333 (Okl.Cr.1978), the Court adopted the "manifest necessity" test to determine whether a defendant has been subjected to double jeopardy. The trial court is vested with the discretion to discharge a jury or juror(s) from giving a verdict whenever there is a manifest necessity. In *Bennett*, this Court observed that:

To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and, in capital cases espe-

cially, courts should be extremely careful how they interfere with any of the chances of life, in favor of the prisoner. But, after all, they have the right to order the discharge; and the security which the public have for the faithful, sound and conscientious exercise of this discretion, rest, in this, as in other cases, upon the responsibility of the judges, under their oaths of office. *Bennett v. Shumate, supra*, quoting *United States v. Perez*, 9 Wheat. 579, 22 U.S. 579, 6 L.Ed. 165 (1924).

In this case, the trial judge's decision to discharge the juror when he became unable to perform his duties was proper, since there existed an obvious "legal" necessity. *See, Turner v. Territory*, 15 Okl. 557, 82 P. 650 (1905). Several other jurisdictions, with statutes similar to the one in question, have also construed their statutes to be consistent with the jeopardy provisions of the United States Constitution. *See People v. Brady*, 72 Cal. 490, 14 P. 202 (1887); *Yarbrough v. State*, 105 Ala. 43, 16 So. 758 (1894); *State v. Hazledahl*, 2 N.D. 521, 52 N.W. 315 (1892); *see also*, 84 A.L. R.2d 1288, at 1316 (1962).

The trial judge did not err in allowing the selection of a new juror and beginning the trial anew. Nor did he abuse its discretion in overruling the motion for a mistrial. We hold that the appellants were not subjected to double jeopardy.

The appellants next contend that there was insufficient evidence to prove beyond a reasonable doubt that they possessed the requisite intent to steal. This Court has frequently enunciated the principle that the jury is the exclusive judge of the evidence and credibility of the witnesses. Where there is a conflict in the evidence, or the evidence is such that different inferences may be drawn, the jury's verdict will not be disturbed on the ground that the evidence is insufficient to sustain the verdict where there is competent evidence in the record. *Mayberry v. State*, 603 P.2d 1150 (Okl.Cr.1979).

In this case, the State proved the following: (1) The appellants had taken the property from the trailer without the owner's permission; (2) the appellants were actually observed carrying away the property; (3) a few months earlier the appellants had rented and occupied the trailer in question; and (4) the appellants had fled when the owners attempted to call the police. We hold that there was ample evidence upon which the jury could base its decision.

The appellants further argue that the trial court erred in not giving their requested instruction on circumstantial evidence. An instruction on circumstantial evidence is only required when the State's evidence consists of entirely circumstantial evidence. "When the defendant takes the stand and offers his own version of the facts the evidence is no longer entirely circumstantial..." *Moran v. State*, 555 P.2d 1085 (Okl.Cr.1976). In this case, the appellant, Paula Sue Davis, took the stand and told the jury her version of what transpired. We find that an instruction on circumstantial evidence was not warranted.

The appellant, Paula Sue Davis, singularly contends that a mistrial should have been declared as a result of the prosecutor's comment on her prior convictions. The prosecutor did comment on the appellant's prior convictions in the second stage of the trial even though she was not charged "After Former Conviction of a Felony". We find that the comments were improper, but the appellant was not prejudiced. The appellant had taken the stand during the trial and admitted to having three (3) prior felony convictions. The jury had already returned the guilty verdict prior to the prosecutor's comment. Additionally, the trial judge properly admonished the jury to disregard the comments. Therefore, we find the appellant's contention is without foundation.

In the final proposition Earl Wayne Davis argues that the State did not present sufficient evidence to support a conviction under the habitual criminal statute. The State introduced a certified copy of the judgment and sentence bearing the name "Earl Wayne Davis". We find that the clerk's certified copy of the prior conviction was sufficient in absence of rebutting evidence. The burden of proof was properly shifted to the defendant to rebut this *prima facie* evidence. *Conner v. State*, 518 P.2d 1271 (Okl.Cr.1974). The appellant's contention is without merit.

For the foregoing reasons the judgments and sentences are AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.