**Rick Alan FLEMING, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–675.**

Court of Criminal Appeals of Oklahoma.

June 29, 1983.

David L. Miller, Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

On appeal from his conviction in Oklahoma County District Court, Case No. CRF–81–614, wherein he was sentenced to thirty (30) years' imprisonment for Burglary in the Second Degree, After Former Conviction of Two or More Felonies, the appellant, Rick Alan Fleming, raises two (2) assignments of error.

Evidence introduced at trial shows that on February 5, 1981, Fleming and a companion, who was not apprehended, entered the yard of Robert J. Thompson at approximately 10:15 a.m. Although no one saw the two men enter, both were confronted inside the house by Mr. Thompson and his son, Jimmy. The appellant's associate escaped through the front door. However, Jimmy met the appellant, who was armed with a shotgun, in the front of the house. Fleming fled by the front door only to be met by armed police officers, who had arrived at the scene.

■ In his first assignment of error, the appellant asserts that the trial court erred in overruling his attorney's motion for a directed verdict at the conclusion of the State's evidence on the basis of a material variance in the information, and allowing the State to amend by interlineation. The address on the information placed the burglary at 5100 N.W. 30th in Oklahoma City; whereas all the evidence presented by the State proved the burglary occurred at 5100 N.W. 20th. The appellant claims that the variance in the address made the offense identifiable, thus prejudicing him. We disagree.

This Court dealt with an identical situation in *Thigpen v. State,* 571 P.2d 467 (Okl. Cr.1977), and held that the trial court did not err in permitting the State to amend the information to conform to the evidence. For the reasons stated in *Thigpen,* supra, we find this error to be wholly without merit.

■ Appellant alleges in his second assignment of error that the court erred in admitting the testimony of two police officers identifying him as the same person convicted of two felonies some eight years earlier, because their testimony was allegedly tainted by the fact that the officers had looked at a picture of the appellant only days prior to testifying, in order to refresh their memories. We do not agree.

The testimony of the officers served to link the appellant to two felony convictions. The fact that they refreshed their memories by looking at a picture of Fleming does not bring into question the reliability of their testimony. This contention is wholly without merit.

Furthermore, the State introduced the judgments and sentences, informations and appearance dockets of three prior felony convictions, in Oklahoma County District Court, Cases No. CRF–73–3753, No. CRF–74–7888, and No. CRF–76–703, including those of the convictions in which the officers participated.

■ As this Court has often held, the identity of the name of the defendant and that of the person previously convicted is prima facie evidence of the identity of the person, and in absence of rebutting evidence, supports a finding of such identity. *Conner v. State,* 518 P.2d 1271 (Okl.Cr. 1974), and cases cited therein. This Court has also held that certified copies of the judgments and sentences of prior convictions are sufficient to prove such identity. *Davis v. State,* 634 P.2d 752 (Okl.Cr.1981); *Wright v. State,* 617 P.2d 1354 (Okl.Cr. 1979). We find that the State met its burden of proof in the second phase, and that the testimony of the officers was properly admitted into evidence by the trial court.

Accordingly, the judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.